IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD RIDEOUT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2234 |
| | § | |
| METROPOLITAN TRANSIT AUTHORITY, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Reginald Rideout, who worked for the Metropolitan Transit Authority of Harris County, Texas (METRO) as a bus driver, was fired for his involvement in an accident with a Metro light rail train on February 8, 2010. METRO fired Rideout for failing to see a red light when he crossed an intersection, resulting in a "preventable accident." Rideout alleged that he was unjustly fired; he claimed that METRO conducted a flawed investigation and that he later learned that the traffic lights were not operating properly and he did not in fact run a red light. He also alleged that his union, the Transportation Workers Union of America, Local 260 (TWU), improperly refused to pursue his wrongful-discharge grievance to arbitration. In this suit, Rideout alleged that METRO unjustly fired him and that the TWU breached its duty under its collective bargaining agreement by denying him representation and arbitration, in violation of the Labor Management Relations Act, 29 U.S.C. § 185(a). (Docket Entry No. 1).

On August 20, 2012, METRO moved to dismiss for lack of subject-matter jurisdiction. (Docket Entry No. 7). Rideout has not responded to this motion. METRO asserted that it is a political subdivision of the State of Texas and not "subject to the jurisdiction" of the LMRA. (*Id.*).

METRO's motion to dismiss is granted.  Political subdivisions are explicitly excluded from the definition of "employer" under the statute.  29 U.S.C. § 152 ("The term 'employer' . . . shall not include . . . any wholly owned Government corporation . . . or any State or political subdivision thereof . . . .").  The Fifth Circuit has repeatedly held that METRO is a political subdivision not subject to suit under the LMRA.  *See, e.g.*, *Jackson v. Metro. Transit Auth.*, 1995 WL 295865 (5th Cir. Apr. 18, 1995); *Dabney v. Transp. Workers Union Local 260*, 1993 WL 310298 (5th Cir. May 7, 1993).

The TWU moved for summary judgment on August 28, 2012, asserting that Rideout's suit is barred by the six-month limitations period applicable to the LMRA.  (Docket Entry No. 9; *see also* No. 11 (TWU's Reply)).  The accident at issue occurred in February 2010.  According to Rideout's complaint, the TWU advised him that it would not arbitrate his discharge grievance on August 13, 2010.  Rideout filed this suit on July 25, 2012.

The record and case law support applying the six-month limitations period to this case.  *See Miranda v. Nat'l Postal Mail*, 219 F. App'x 340, 345 (5th Cir. 2007) ("In *Del Costello* [*v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163–64, 171–72 (1983),] the Supreme Court held that the six-month statute of limitations of NLRA § 10(b), 29 U.S.C. § 160(b), applies to a 'hybrid § 301/fair representation claim,' that is, a suit that combines a § 301 claim against the employer with a duty of fair representation claim against the union.  In *Richardson* [*v. United Steelworkers of America*, 864 F.2d, 1162, 1167 (5th Cir. 1989)], and in *Smith v. International Organization of Masters*, 296 F.3d 380, 382 (5th Cir. 2002), this court held that the same statute of limitations applies to duty of fair representation claims brought independently.") (internal citation omitted).

Rideout attached to his complaint a copy of the letter he received from TWU. It is dated August 13, 2010 and states that the union will not pursue the case to arbitration. (Docket Entry No. 1, Ex. 1). The letter was sent certified, and the tracking number is set out in the letter. In support of its summary judgment motion, the TWU attached an affidavit from its attorney, Eric H. Nelson, with a copy of the USPS Track and Confirmation printout for that number. The affidavit states that the attachment is "a true and correct copy from the web page of the United States Postal Service reflecting the delivery of the item . . . ." The attachment shows that the item was delivered on August 14, 2012. (Docket Entry No. 9, Ex. 1).

On September 12, 2012, Rideout filed a response to the TWU's summary judgment motion. (Docket Entry No. 10). Rideout argues that his action is not barred because Texas' four-year breach-of-contract statute of limitations claims should apply. He does not cite any cases to support this argument. The case law clearly supports applying the statutory six-month limitations period under the LMRA, which bars his claim. TWU's motion for summary judgment is granted.

Because no claims remain, this case is dismissed, with prejudice. Final judgment is entered by separate order.

SIGNED on October 16, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge